IRA W. DAVIS *vs.* CHARLES L. FERRIN.

Penobscot.    Opinion December 22, 1902.

*Attorney. Client. Disclosure Commissioner. Stat. 1887, c. 137.*

There is no legal principle by which one person can deprive another of his property and convey a good title thereto without the owner's consent, or some act equivalent thereto, or by the right of eminent domain.

In an action of trover to recover the value of a watch, the title to which was claimed by both the plaintiff and the defendant, it appeared that the plaintiff was a disclosure commissioner, before whom a debtor disclosed a watch, which was appraised at five dollars by the commissioner and assigned in writing to the creditors, the petitioners, and delivered to their attorney.

The commissioner's fees were $5.19, for the payment of which the petitioners had made no deposit with their attorney. The attorney, on request of the commissioner for his fees, sold to him the watch in payment thereof. One of the petitioners subsequently obtained possession of the watch and refused, on demand, to deliver it to the plaintiff. *Held;* that the watch, by the assignment and delivery to the attorney, became the absolute property of the petitioners, and that the attorney had no right, by virtue of his agency as attorney, to sell the watch to the plaintiff in payment of his fees.

Exceptions by defendant.    Sustained.

Trover for a watch.

The case appears in the opinion.

*Ira W. Davis,* for plaintiff.

*W. R. Pattangall and D. B. Young,* for defendant.

SITTING: WHITEHOUSE, STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SPEAR, J.  This was an action of trover brought to recover the value of a watch, the title of which was claimed by both plaintiff and defendant.  This defendant and his copartner, Luther Ferrin, were on July 14, 1900, judgment creditors of one Harnden; Harnden was cited to disclose before the plaintiff, a disclosure commissioner, and disclosed, together with other property, the watch in question, which was appraised at five dollars, and set off to the creditors.  The debtor then executed a bill of sale of the property disclosed, conveying the title in the same to the creditors, and delivered the property, including the watch, to the creditor's attorney.  Neither of the creditors was present; but they were represented by D. B. Young, an attorney at law.

After the disclosure was concluded the commissioner requested of the attorney the payment of his fees, which amounted to five dollars and nineteen cents.  The attorney replied that no deposit had been made with him by the creditors for the payment of the fees; whereupon, in their absence and without their consent, he sold and delivered the watch to the commissioner in payment thereof.  The only question here involved is the title to the watch.

Ferrin later gained possession of the watch and refused, on demand, to re-deliver it to the plaintiff, and he brought this action to recover its value.

The court ruled that, upon the above statement of facts, the plaintiff received a good title to the watch, through the sale and delivery by the creditor's attorney, and was entitled to recover its value, to which the defendant excepted.  We think the exception should be sustained.

The watch, by the bill of sale of the debtor and delivery to the creditors, through their attorney, had become the vested property of the creditors.  Their title to it was as perfect, when it was delivered into the hands of their attorney, under the circumstances in this case, as it would have been, if one of the creditors had taken the watch from his own pocket and delivered it to the attorney as a loan or for

safe keeping.    Could they be deprived of it against their will and without due process of law?

It is a fundamental principle that no person shall be deprived of his life, liberty, property, or privileges, but by a judgment of his peers or by the law of the land.

This clause, or one of similar import, has come down to us from Magna Charta, and is found in the Federal Constitution and that of every state in the Union.    By our own decisions, life, liberty and property are classed in the same category.    "It will be noticed that the same protection is afforded to property as to life or liberty." *Dunn* v. *Burleigh*, 62 Maine, 36.

This being true, we know of no legal principle by which one person can deprive another of his property and convey a good title thereto, without the owner's consent, or some act equivalent thereto, or by the exercise of the right of eminent domain.

The plaintiff, in his brief, does not claim that there is any statute or decision, directly authorizing the creditor's attorney to sell the watch to him without their consent, but that such authority may be implied from the language of section 9 of the public laws of 1887, c. 137, and amendments thereto:—

"When from such disclosure, it appears that the debtor possesses, or has under his control, any bank bills, notes, accounts, bonds or other contracts of property, not exempted by statute from attachment, which cannot be come at to be attached, and the petitioner and debtor cannot agree to apply the same towards the debt, the magistrate hearing the disclosure shall appraise and set off enough of such property to satisfy the debt, costs and charges; and the petitioner or his attorney, if present, may select the property to be appraised."

The plaintiff claims that the phrase "to satisfy the debt, costs and charges," includes the costs and charges of the disclosure proceedings, and that there is, in this phrase, implied authority on the part of the attorney to sell to the commissioner sufficient of the property to pay his "costs and charges".

Undoubtedly the debtor's property, if sufficient is disclosed, must pay all the legitimate costs and charges of disclosure, but such costs

and charges do not belong to the commissioner nor the petitioner's attorney. They belong to the petitioner, himself, as much as any part of the debt, and consequently any property disclosed, representing such costs and charges, would be the property of the petitioner.

There is, therefore no authority implied from the statute authorizing the sale of the watch by the attorney, to pay the costs and charges, over which, neither the commissioner nor the attorney had any control, express or implied.

There is, however, express provision by statute for the payment of the disclosure fees and the disposal of the "costs and charges". Section 23, of c. 137, supra, which provides for the fees in disclosure proceedings, declares that "the above fee shall be paid by the petitioner, and in case the oath named in section 8 is administered, shall be added to the costs on the judgment and execution and taxed in detail thereon by the magistrate. In case said oath is not administered to the debtor, the petitioner shall recover his cost and said fees, as in actions before a trial justice, and the magistrate shall issue a separate execution therefor." In either case the costs and charges become the absolute property of the creditor.

Hence there seems to be no authority whatever, by statute or the common law, either express or implied, whereby the attorney could sell, and the commissioner receive, a good title to the watch.

Nor can we assent to the plaintiff's proposition that the petitioner's attorney, by virtue of his agency as attorney, had any authority to sell the watch in question without the owner's consent. We can find no case conferring such authority.

On the other hand, we find such authority expressly denied. "Ordinarily, there is no implied power vested in an attorney to bind his client by contract, and a general retainer does not authorize an attorney to bid and purchase for his client, or to enter into an agreement regarding his client's property. 4 Cyc. of Law and Procedure, 943 B. "Without express instructions an attorney is not authorized to dispose of his client's money in any other way than by turning it over to the client. The attorney has no greater power to deal with the property of his client other than money, and it has been held that he cannot sell or assign the claim of his client. It has also been held

that he cannot sell or assign a note put into his hands for collection." 4 Cyc. of Law and Procedure, 944, 2 C., and cases cited.

It is well settled that an attorney has a lien upon a judgment for his costs and disbursements, taxed and included in the execution, which he can pursue to property disclosed or to real estate sold upon levy.

But the principle upon which he can thus proceed is based upon the ground that he is the equitable owner of the judgment to the extent of his costs and disbursements.

The attorney's lien resembles an assignment of a chose in action. He therefore would have a right to the property disclosed, as the owner of the judgment, to the extent of the lien. *Newbert* v. *Cunningham*, 50 Maine, 231, 79 Am. Dec. 612.

But in the case at bar no facts appear to show that the attorney who acted at the disclosure was even the attorney who procured the judgment. If it should be so assumed, there is no suggestion that he was not paid for his costs and disbursements.

We cannot, therefore, take into consideration at all the attorney's right or authority over the property disclosed, as a lien claimant for his costs and disbursements, in obtaining the judgment and execution, upon which the disclosure was proceeding. We find no precedent which sustains the contention of the plaintiff in this case.

*Exceptions sustained.*